**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-20848-CV-KING**

EQUIMED, S.A.,

      Plaintiff,

v.

PROMEDCO, INC.;
ALEJANDRO ALAN AZPURA;
and CARMEN AZPURA,

      Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION**

THIS CAUSE comes before the Court upon Defendants Promedco, Inc.'s,

Alejandro Alan Azpura's, and Carmen Azpura's Motion to Compel Arbitration (D.E.

#11), filed June 4, 2009. The Plaintiff filed a response on June 22, 2009 (D.E. #12), to

which the Defendants replied on July 16, 2009 (D.E. #14).

In the instant Motion, the Defendants asks this Court to compel arbitration in the

above-styled case pursuant to two documents: 1) an "International Distributor

Agreement" allegedly made between the Parties (D.E. #11, Ex. A); and 2) Defendant

Promedco's sales terms and conditions (D.E. #11, Ex. B). Both documents contain

binding arbitration provisions to which the Defendants allege that the Plaintiff agreed to

be bound. The Plaintiff argues that it neither signed nor agreed to the documents offered

by the Defendants (D.E. #12). The Plaintiff contends, instead, that the documents at issue

1

contain "no signatures, initials or any writings which would indicate assent by anyone. . . . [and] are devoid of any authenticity . . . ." (D.E. #12).

"[I]t is well-established that 'parties cannot be forced to submit to arbitration if they have not agreed to do so . . .'" *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008). Prior to compelling arbitration, a district court "must decide whether a challenged agreement to arbitrate is enforceable against the parties in question." *Id.* After a review of the documents offered by the Defendants in support of binding arbitration, the Court determines that the validity of the binding arbitration provisions is at issue. As such, the case will proceed to trial as previously scheduled for May 10, 2010 (D.E. #9), at which point the Parties will be able to present evidence as to the validity and authenticity of the documents offered by the Defendants, purporting to bind the Parties to arbitration. *See, e.g., Magnolia Capital Advisors, Inc.*, 272 F. App'x at 785; *Garcia v. Mason Contract Prods., LLC*, No. 08-23102-Civ., 2009 WL 1851131, at *2 (S.D. Fla. Jun. 29, 2009).

Accordingly, after careful review and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that the Defendants Motion to Compel Arbitration be, and the same is hereby, **DENIED.** The above-styled case shall proceed in accordance with this Court's May 20, 2009 Amended Scheduling Order (D.E. #9), setting final pretrial conference on April 9, 2010, and trial to commence on the Court's two-week trial calendar of May 10, 2010.

2

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 20th day of July, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**Counsel for Plaintiff**
**James P. Gagel**
James P Gagel PA
150 Alhambra Circle
Suite 1270
Coral Gables, FL 33134

**Counsel for Defendants**
**Richard Bernard Storfer**
Rothstein Rosenfeldt Adler
401 E Las Olas Boulevard
Las Olas City Centre Suite 1650
Fort Lauderdale, FL 33301

**Riley W. Cirulnick**
300 SE 2nd Street
Fort Lauderdale, FL 33301

**Alejandro Alan Azpurua,** *pro se*
7758 NW 46th Street
Miami, FL 33166